IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARMON C. GREEN,                          §
                                          §
        Plaintiff,                        §
                                          §
V.                                        §        CIVIL ACTION NO. H-04-4503
                                          §
ABB, INC., ABB OFFSHORE SYSTEMS,          §
INC., and BROADSPIRE SERVICES, INC.,      §
                                          §
        Defendants.                       §

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Document No. 3) and Plaintiff's Motion

for Leave to File First Amended Motion to Remand (Document No. 9).  Having considered the

motions, the responses and additional briefing, Plaintiff's claims and allegations, and the applicable

law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Leave to File

First Amended Motion to Remand is GRANTED, Plaintiff's Motion to Remand is superseded and

DENIED as MOOT, and Plaintiff's First Amended Motion to Remand is DENIED.


I.      **Background and Procedural History**

        This action was instituted by Plaintiff Darmon C. Green in the 61st District Court of Harris

County, Texas, for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade

Practices Act, breach of contract, breach of warranty, fraudulent misrepresentation, and  negligence.

Green alleged in his state court petition that Defendants failed to properly and timely  consider his

application for disability benefits, and that Defendants have improperly calculated the benefits he is

due under Defendants' short term and long term disability policies.  Defendants removed the case to

this Court on November 29, 2004, on the basis that Green's state law claims are exclusively governed and preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Within thirty days of removal, Green filed a Motion to Remand (Document No. 3). He then, two months later, filed a Motion for Leave to File a First Amended Motion to Remand (Document No. 9).  Although Defendants state that they are opposed to Plaintiff's Motion for Leave, nearly the entirety of the opposition relates to the merits of Plaintiff's First Amended Motion for Remand.  As such, and because there has been no showing by Defendant that Plaintiff should not be allowed to amend his Motion to Remand, it is

ORDERED that Plaintiff's Motion for Leave to File First Amended Motion to Remand (Document No. 9) is GRANTED, and Plaintiff's First Amended Motion to Remand, which is attached to Plaintiff's Motion for Leave (Document No. 9), is deemed filed.


## II.      Arguments for Remand

Green argues in his First Amended Motion to Remand that: (1) ERISA does not apply because the injuries he sustained, which gave rise to his claim for disability benefits, occurred outside of the United States; (2) a federal claim giving rise to federal question jurisdiction is not apparent from the face of his pleading; and (3) this case involves nothing more than a dispute about insurance, which is specifically exempted from ERISA preemption.  In response to Green's First Amended Motion to Remand, Defendants argue that ERISA does apply to this case because Plaintiff is a United States citizen and is seeking benefits of an ERISA plan that is maintained and administered in the United States.  Additionally, Defendants argue that because ERISA completely preempts Green's claims it is of no consequence that a federal claim does not appear on the face of Green's complaint.

Finally, Defendants argue that, contrary to Green's arguments, this is a case about ERISA benefits and Defendants' calculation of such, and does not relate to a dispute about insurance because the disability benefits Green claims an entitlement to are not provided through an insurance policy, but rather though a self-funded long-term disability plan.

## III.   Discussion

In his Amended Motion to Remand, Green acknowledges that he, since the filing of his state court lawsuit, has been approved for and is receiving long term disability benefits.  Green, however, continues to insist that Defendants are miscalculating his benefits, and that the amount of benefits he is due is the "core" issue in this lawsuit:

> Despite the claim intent and plain language of the insurance policy, Defendants wrongfully and purposefully excluded Green's mandatory overtime from computations of Green's insurance benefit under the contract, thereby injuring Green. **This is the core issue in this lawsuit.**

First Amended Motion to Remand (Document No. ___) at 2 (emphasis in original).  Green does not acknowledge that the disability benefits arise from Defendants' ERISA plan, and continues to maintain that the benefits arise from a policy of insurance.

This case was removed from state court on the basis of federal question jurisdiction. Although the face of Green's state court pleading did not contain a federal claim, Defendants maintain that the case was removable because "ERISA preempts the state law claims alleged in Plaintiff's Original Petition and provides the exclusive federal remedy for resolution of claims by employee benefit plan participants to recover benefits from such plans."  Notice of Removal (Document No. 1) at 2.  The Supreme Court has sanctioned removal in such instances, holding that "causes of action within the

scope of the civil enforcement provisions of § 502(a) [ERISA] [are] removable to federal court" on

the basis of a defendant's preemption defense.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58,

66-67 (1987).

Here, Defendants have submitted a Declaration from Michael Scarpa.  The contents of

Scarpa's Declaration establish that the disability benefits Green claims entitlement to are provided for

through Defendants' ERISA plan.  In addition, the contents of the Declaration show that the disability

benefits do not arise out of or relate to a policy of insurance.[1]  As such, Green's argument that this

---

[1] Michael Scarpa states in part in his Declaration:

2.  I am employed by ABB Inc. ("ABB") as the Director of Employee Benefits and Strategy.

3.  I am fully authorized to oversee and manage the design and implementation of the various employee benefit plans sponsored by ABB (the "ABB Plans").

4.  My duties as Director of Employee Benefits and Strategy include management of vendor relations as well as compliance issues with respect to the ABB Plans – including the filing of Forms 5500 with respect to such plans.

5.  ABB is the sponsor of the ABB Inc. Group Benefit Plan, which plan is a cafeteria plan under which the ABB Inc. Long-term Disability Plan (the "LTD" Plan) is funded.

6.  ABB is the sponsor and plan administrator of the LTD Plan with discretionary control over the administration of the LTD Plan.

7.  At all relevant times to this litigation, ABB Offshore Systems, Inc. was a participating employer in the LTD Plan.

8.  Broadspire, Inc. is the claims administrator of the LTD Plan with responsibility for the processing of claims under the LTD Plan.

9.  The LTD Plan is a self-funded plan and is not provided pursuant to a contract of insurance.

10.  LTD Plan benefits are paid from a voluntary employees' beneficiary association ("VEBA"), which VEBA is in the form of a trust.

11.  ABB takes the reporting position that the LTD Plan is self-funded on IRS Form 5500.

Exhibit "A" to Defendants' Response to Plaintiff's Motion for Leave to File Amended Motion for Remand (Document No. 12).

4

case presents nothing more than a dispute about insurance is misplaced.

Similarly misplaced is Green's argument that ERISA does not apply because the injuries which give rise to his claim for disability benefits occurred outside the United States.  ERISA applies to "any employee benefit plan if it is established or maintained –

> (1)  by an employer engaged in commerce or in any industry or activity affecting commerce; or
>
> (2)  by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
>
> (3)  by both.

29 U.S.C. § 1003(a).  By contrast, ERISA does not apply to employee benefit plans that are "maintained outside of the United States primarily for the benefit of persons substantially all of whom are nonresident aliens".  29 U.S.C. § 1003(b)(4).  Here, because the plan was established and is maintained in the United States, ERISA applies regardless of where Green was working at the time he claims to have become entitled to benefits under the plan.[2]

Green's claim that his benefits were incorrectly calculated, coupled with Defendants' submissions that show that such benefits are available through Defendants' ERISA plan, convinces the Court that this case involves a claim for benefits by a plan participant within the meaning of 29 U.S.C. § 1132(a)(1)(B).[3]  In addition, because Green's claim that his benefits were miscalculated

---

[2]   The cases Green relies on for the proposition that statutes cannot be presumed to have extraterritorial application, *EEOC v. Arabian American Oil Co.*, 499 U.S. 244 (1991) (declining extraterritorial application of Title VII) and *Asplundh Tree Expert Co. v. N.L.R.B.*, 365 F.3d 168 (3d Cir. 2004) (declining to apply provisions of the NLRA extraterritorially), are not analogous to this case, and have not been extended by any court to the ERISA context.

[3] 29 U.S.C. § 1132(a)(1)(B) provides:
A civil action may be brought –
(1)  by a participant or beneficiary –

cannot be determined without reference to the terms of the plan itself, Green's state law claims are completely preempted by ERISA.  *See Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989) (finding complete ERISA preemption where the amount of benefits and damages sought by the Plaintiff could only be calculated by reference to the plan); *Saldana v. Aetna U.S. Healthcare*, 233 F.Supp.2d 812, 816 (S.D. Miss. 2002) ("As computation of Plaintiff's damages, should she succeed on her claim at trial, would require reference to the subject benefit plan, the Court finds that Plaintiff's state law [negligence] claim relates to those plans for the purpose of ERISA preemption."). The Court therefore has jurisdiction over this case by virtue of the federal preemption of Green's claims, removal was proper, and Green's Amended Motion to Remand must be denied.

## IV.   Conclusion and Order

Based on the foregoing, and the conclusion that Green's state law claims are completely preempted by ERISA, it is

ORDERED that Plaintiff's Amended Motion to Remand (Document No. _____) is DENIED.

Signed at Houston, Texas, this 24th  day of June, 2005.

Frances H. Stacy
United States Magistrate Judge

---

(B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

6